UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KAREN L. McLEOD, ) | CASE NO. 5:10CV 2702 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| SELECT SPECIALTY HOSPITAL ) | MEMORANDUM OF OPINION |
| NORTHEAST OHIO, INC. et al., ) | |
| ) | |
| ) | |
| Defendant. ) | |

On November 30, 2010, *pro se* plaintiff Karen L. McLeod filed this *in forma pauperis* action against her former employer, Select Specialty Hospital Northeast Ohio, Inc. ("Select"), and five Select employees: Quality Control Manager Kathy McBride, former Lead Respiratory Supervisor Susan Carbenia, former Chief Executive Officer Jason Pirtz, Regional Corporate Human Resources Director Tyler Shovlin, and Regional Human Resources Director Mary Lacey. McLeod alleges she was retaliated against for filing an incident report against co-workers and discriminated against based on her race in violation of 42 U.S.C. § 2000(e)(3)(a), 42 U.S.C. §1983, 1981, 42 U.S.C. §2000e-5(g), O.R.C. § 4112.02(I), and O.R.C. § 4112.99. Her application to proceed *in forma pauperis* was granted on January 1, 2011. McLeod seeks compensatory and punitive damages.

*Background*

McLeod, an African-American, was hired as a respiratory therapist by Select on January 26, 2009. With the exception of one human resources employee, she was the only African

American employee at Select. Shortly after she was hired, McLeod was verbally abused by Janet Billie. McLeod filed an incident report detailing Billie's behavior and provided it to Carbenia. No action was taken.

Later, Billie allegedly falsified "blood gas results" and blamed McLeod, who was reprimanded verbally for the incident. McLeod unsuccessfully complained to the HR Coordinator and Director of Clinical services that the verbal warning was unjustified. In March 2009, McLeod issued another incident report against Billie for failing to provide a patient's breathing treatment. During McLeod's 90-day evaluation, however, Carbenia reprimanded McLeod for "bad mouthing" Billie, who was never reprimanded for failing to administer the breathing treatment. Another coworker allegedly falsified Billie's record to reflect the treatment was provided.

The complaint lists incidents where Caucasian employees failed to follow proper patient protocols, but were not reprimanded in spite of McLeod's submission of incident reports to document these actions and reports to senior management and Human Resources. Instead, Carbenia advised McLeod to "do her work and not worry[] about the others." (Compl. at 9.) When she was later named in a May 25, 2009 incident report for not performing her required duties, McLeod provided documentation that staff therapists were tampering with work assignment sheets. Further, no action was taken after she complained about a patient who was "open[ly] racist." Instead, McBride, Carbenia, Pirtz, Shovlin, and Lacey relied on racial stereotypes and false statements from Caucasian employees to justify McLeod's termination from employment on June 26, 2009.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

*Analysis*

As a threshold matter, federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

To prevail in any civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants were acting under color of state law to deprive the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). A private party

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

defendant's actions only constitute state action under § 1983 where the private entity's actions may be "fairly attributable to the state." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937(1982). The defendants named in this complaint are private parties. The complaint does not allege or imply that their actions are remotely tied to the State. Without more, McCleod cannot pursue a §1983 claim that the defendants violated her right to equal protection under the Fourteenth Amendment.

Furthermore, McLeod cannot pursue a Title VII claim against the individuals named in the complaint in their personal capacities. "[A]n individual employee/supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII." *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Accordingly, the Title VII claims against McBride, Carbenia, Pirtz, Shovlin, and Lacey in their personal capacities must be dismissed.

*Conclusion*

Based on the foregoing, plaintiff's § 1983 claims are dismissed from this action pursuant to 28 U.S.C. § 1915(e).[2] Her personal capacity Title VII claims against McBride, Carbenia, Pirtz, Shovlin, and Lacey are also dismissed. As to her remaining Title VII claims against Select Specialty Hospital Northeast Ohio, Inc., McBride, Carbenia, Pirtz, Shovlin, and Lacey, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. Similarly, at this time, McLeod's state law claims may proceed. **The Clerk's Office**

---

[2] At the pleading stage, only a short and plain statement of the claim showing that the pleader is entitled to relief is required. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002)(complaint in an employment discrimination lawsuit need not contain specific facts establishing a *prima facie* case of discrimination under *McDonnell Douglas*, but must contain only a short and plain statement of the claim showing that the pleader is entitled to relief.)

**shall include a copy of this order in the documents to be served upon the defendants.** The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

       IT IS SO ORDERED.


Date: February 17, 2011                    /s/ John R. Adams
                                                   JOHN R. ADAMS
                                                   UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.